REMAND/JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES—GENERAL

| Case No. | **CV 17-970-GW(GJSx)** | | Date | February 14, 2017 |
|---|---|---|---|---|

| Title | ***Pro Value Properties, Inc. v. Joseph Boyadjian, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) – ORDER GRANTING EX PARTE APPLICATION TO REMAND TO STATE COURT [7]**

On January 6, 2017, plaintiff Pro Value Properties, Inc. sued Defendants Joseph Boyadjian, Courtney Maglio, and Does 1-10 in an unlawful detainer action in the Los Angeles County Superior Court. *See generally* Notice of Removal, Ex. A ("Complaint"), Docket No. 1-1. On January 27, 2017, LaVance Walker ("Walker") filed a "Prejudgment Claim of Right of Possession" ("Claim") professing to be a resident at the subject premises. *See* Docket No. 1-2. On February 7, 2017, Walker removed the case to this Court alleging federal question jurisdiction. *See id.* ¶ 7. Plaintiff has filed an Ex Parte Application for Remand asserting that there is no basis for federal question jurisdiction here. *See* Docket No. 7. The Court agrees.

The burden of proving jurisdictional facts falls on the party invoking federal jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Because Walker invoked the Court's jurisdiction here, he must show that jurisdiction is proper.

Walker alleges that federal question jurisdiction exists because Plaintiff "expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009 ["PTFA"]' 12 U.S.C. § 5201," a federal statute with which Walker contends Plaintiff did not comply. *See* Notice of Removal at ¶ 7. However, he is clearly mistaken.[1] Neither the Complaint nor the Claim refer to the PTFA or to § 5201. Additionally, the PTFA would not provide any basis for federal question jurisdiction since no private cause of action arises under that statutory scheme. *See e.g. Miller v. Chase Home Finance, LLC*, 677 F.3d 1113, 1115-17 (11th Cir. 2012) (affirming dismissal for failure to state a claim because 12 U.S.C. §§ 5201-5261 did not create a

---

[1] Walker and his counsel are so obviously wrong both factually and legally in their assertion of the presence of a federal question that, should this case have remained before this Court, it would have scheduled an order to show cause as to why sanctions should not be awarded under Fed. R. Civ. P. 11(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-970-GW(GJSx)** | | Date | February 14, 2017 |
|---|---|---|---|---|

| Title | ***Pro Value Properties, Inc. v. Joseph Boyadjian, et al.*** | | Page | 2 of 2 |
|---|---|---|---|---|

private right of action); *Christiana Trust v. Beitbadal*, Case No. 1:15-cv-01455 LJO BAM, 2015 U.S. Dist. LEXIS 129453 at *3 (E.D. Cal. Sept. 25, 2015) ("even if Defendant could raise a federal question by way of a defense, she could not do so under the Protecting Tenants at Foreclosure Act, because Congress did not create a private right of action when it enacted that statute.").

Under the well-pleaded complaint rule, federal courts consider only what necessarily appears in plaintiff's statement of its claim (on the face of the complaint) at the time of removal, unaided by anything alleged in anticipation or avoidance (*i.e.* defenses) that the defendant may interpose. Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial* ("Schwarzer") § 2:730 (The Rutter Group 2016) (citing *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002)). Here, Plaintiff initiated an unlawful detainer action, relying solely on state law (and no federal statute) to press forward its lawsuit against Defendants. *See generally* Complaint; *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."); *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Great North R. Co. v. Alexander*, 246 U.S. 276, 282 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case."). Defendants therefore necessarily interpose either a counterclaim or a defense to Plaintiff's claim by asserting, as they do here, that a federal right (*i.e.* the PTFA) is implicated because Plaintiff did not comply with that federal statute. This is prima facie *in*sufficient to establish federal question jurisdiction. *See Holmes Group*, 535 U.S. at 831; *Vaden v. Discover Bank*, 556 U.S. 49, 66-67 (2009) ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); Schwarzer § 2:730. As such, Defendants cannot base their removal on federal question jurisdiction.

In light of the above, the Court finds that the removal here is improper; therefore the action is forthwith remanded back to the state court for further proceedings.